| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

ALEX MELVIN WADE, JR., §
§
    Plaintiff, §
§
*versus* § CIVIL ACTION NO. 1:13-CV-230
§
TEXAS DEPARTMENT OF CRIMINAL §
JUSTICE, CID, *et al.*, §
§
    Defendants. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Alex Melvin Wade, an inmate with the Mark Stiles Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 28 U.S.C. § 1983.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the suit be dismissed pursuant to 28 U.S.C. § 1915(g).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court finds plaintiff's objections are without merit. As stated in the Report and Recommendation, plaintiff is a serial litigant in this district and the Southern District of Texas. Pursuant to 28 U.S.C. § 1915(g), a prisoner is not allowed to bring

a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Because plaintiff had not paid the requisite filing fee in this action prior to the entry of the Report and Recommendation, the United States Magistrate Judge construed this failure as an attempt by plaintiff to proceed *in forma pauperis*. Because plaintiff has had three civil actions dismissed as frivolous or for failure to state a claim, the United States Magistrate Judge recommended plaintiff's motion to proceed *in forma pauperis* be denied and the action dismissed without prejudice to plaintiff's right to re-file suit upon paying the full filing fee.[1]

After the Report and Recommendation was filed, plaintiff submitted a type-written document as a "check" to pay for the $350.00 filing fee. The document contained no routing numbers and lacked several requirements to constitute a negotiable instrument. The Clerk of Court noted on the docket sheet that the "check" as submitted was an invalid form of payment. Plaintiff, in his objections to the Report and Recommendation, stated that he had not received any documentation from the Clerk of Court, the "check" had not been returned and/or dishonored and, he thus considered the fee accepted and paid. Based on the foregoing, the United States Magistrate Jude entered an order stating the "check" as submitted was not a negotiable instrument that can be accepted by any banking institution but allowed plaintiff an additional thirty (30) days to submit

---

[1] The Magistrate Judge relied on the following cases in finding a violation of Section 1915(g): *Wade v. Director, TDCJ-CID*, Case No. 1:2011-cv-00608 (E.D. Tex. 2011) (dismissed as frivolous and for failure to state a claim), (2) *Wade v. Thomas, et al.*, Case No. 4:2001-cv-02087 (S.D. Tex. 2001) (dismissed as frivolous and for failure to state a claim) and *Wade v. Rowe, et al.*, Case No. 4:1999-cv-01860 (S.D. Tex. 1999) (dismissed as frivolous as a matter of law).

a valid form of payment if plaintiff chose to pay the $350.00 filing fee. The order noted that failure to comply may result in dismissal of this action as recommended by the Report and Recommendation.

Plaintiff has not submitted any other form of payment. Plaintiff has filed four different responses since his objections arguing that the "check" is considered a negotiable instrument and that the Clerk of Court should have returned the instrument to plaintiff for completion. The Clerk's Office has communicated twice to this court that it will not accept the instrument submitted by plaintiff as a valid form of payment. The Clerk's Office does not consider it a negotiable instrument that meets the standardized banking requirements. Finally, contrary to plaintiff's argument, he has failed to demonstrate that he was "under imminent danger of serious physical injury" at the time he initiated this cause of action in order to meet the imminent danger exception to application of 28 U.S.C. § 1915(g).

Based on the foregoing, plaintiff's civil rights action should be dismissed pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is ordered to return the instrument to plaintiff. Plaintiff will be given an additional thirty (30) days to submit an alternate valid form of payment in order to proceed with this action.

## ORDER

Accordingly, the objections of the petitioner are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED.** The **CLERK OF COURT** is **ORDERED** to return the instrument to plaintiff. If

plaintiff does not submit an alternate valid form of payment within thirty (30) days, a final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

SIGNED at Beaumont, Texas, this 26th day of September, 2013.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE